IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRETT JAMES MARTINSON, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-05-0166 |
| § | |
| DOUG DRETKE, Director, Texas § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**ORDER**

Petitioner Brett James Martinson ("Martinson") was convicted in Texas state court on June 15, 2004, of two counts of aggravated sexual assault of a child. In this petition filed under 28 U.S.C. §§ 2241 and 2254, he alleges ineffective assistance of counsel, a defective indictment, and insufficient evidence. The threshold issue is whether Martinson's federal habeas corpus petition must be dismissed without prejudice for failure to exhaust state court remedies.

Martinson was convicted in the 208th Judicial District Court of Harris County, Texas, in cause numbers 895638 and 895639, of two felony counts of aggravated sexual assault of a child on or about December 15, 1999.[1] Martinson pleaded guilty and was sentenced to eight-year prison terms for each conviction.

---

[1] *Ex parte Martinson*, Application Nos. 61,574-01 at 48-50; -02 at 47-49.

Martinson did not appeal. *Ex parte Martinson*, Nos. 61,574-01 at 3; -02 at 3; Fed. Writ Pet. at 3. On January 6, 2005, Martinson filed a state application for a writ of habeas corpus for each conviction, challenging the denial of time credit. On January 11, 2005, Martinson filed a state writ application for each conviction, alleging ineffective assistance of counsel, defective indictment, and insufficient evidence. It appears that the court consolidated the applications. The Texas Court of Criminal Appeals then dismissed the state writ applications on April 27, 2005, under TEX. GOV'T CODE ANN. § 501.0081(b)-(c).

Martinson has not exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c), because he did not appeal his convictions and because his state writ petitions were dismissed under section 501.0081(b)-(c) of the Texas Government Code. The exhaustion doctrine requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). The grounds raised in a federal application for writ of habeas corpus must have been "fairly presented" to the state courts before being presented to the federal courts. For a claim to be exhausted, the state court system must have been presented with the same facts and legal theory on which the petitioner bases his assertions. "[I]t is not enough . . . that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (*citing Anderson v. Harless*, 459 U.S. 4, 6 (1982)). If "petitioner

advances in federal court an argument based on a legal theory distinct from that relied upon in a state court, he fails to satisfy the exhaustion requirement." *Id.* at 259 (*citing Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)). "Exhaustion 'requires a state prisoner to present the state courts with the same claim he urges upon the federal courts.'" *Id.* at 261 (*citing Picard*, 404 U.S. at 276).

For the purpose of exhaustion, the Texas Court of Criminal Appeals is the highest court in the State of Texas. *Richardson*, 762 F.2d at 431. To proceed before that court, a petitioner must either file a petition for discretionary review, TEX. R. APP. P. 68.1, or an application for a postconviction writ of habeas corpus. TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 1977 and Vernon Supp. 1998). Martinson did not appeal his convictions. His state writ petitions were dismissed under TEX. GOV'T CODE ANN. § 501.0081(b)-(c); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than its merits). Martinson's failure properly to present his claims to the state court does not result from either an absence of state corrective procedures or state procedures that are ineffective to protect the rights of the applicants. 28 U.S.C. § 2254(b).

Because Martinson did not directly appeal his convictions and his state writ petitions were not denied on the merits, he has not exhausted his remedies. Martinson must exhaust his state claims before bringing this federal suit.

Martinson's petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies.

SIGNED on August 23, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge